**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **DANNY REYNOLDS and** | § |
| **REBA REYNOLDS,** | § |
| | § |
| Plaintiffs, | § |
| v. | §    Civil Action No. **3:12-CV-1420-L** |
| | § |
| **BANK OF AMERICA, N.A.,** | § |
| **AS SUCCESSOR BY MERGER TO BAC** | § |
| **HOME LOANS SERVICING, LP, f/k/a** | § |
| **COUNTRYWIDE HOME LOANS** | § |
| **SERVICING, LP, and MORTGAGE** | § |
| **ELECTRONIC REGISTRATION** | § |
| **SYSTEMS, INC., (MERS) as lender's** | § |
| **nominee, and MTH FUNDING, LP,** | § |
| | § |
| Defendants. | § |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion to Dismiss, filed May 14, 2012; Plaintiffs' Response

in Opposition to Defendants' Motion to Dismiss, filed May 24, 2012; and Defendants' Reply to

Response to Motion to Dismiss, filed June 7, 2012.  After careful consideration of the motion,

response, reply, record, and applicable law, the court **grants in part** and **denies in part** Defendants'

Motion to Dismiss.

## I.     Factual and Procedural Background

This action involves a mortgage foreclosure dispute.  On June 27, 2007, Danny Reynolds and

Reba Reynolds ("Plaintiffs") obtained a mortgage loan in the amount of $280, 990 to purchase

property located at 1423 Watercourse Way, Cedar Hill, Texas 75104 ("the Property").  Defs.' Index

11.  Plaintiffs financed the mortgage through MTH FUNDING, L.P. ("MTH").  *Id.*  Plaintiffs

executed a deed of trust, creating a lien on the property. *Id.* The deed of trust named Mortgage Electronic Registration Systems, Inc., ("MERS") as a beneficiary, and provided MERS the right to enforce the deed of trust. Defs.' Index 31. On February 16, 2012, MERS assigned the deed of trust to Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing, LP ("Bank of America"). *Id.* at 66-67.[1] On February 24, 2012, Plaintiffs applied for a loan modification under the Home Affordable Modification Program ("HAMP") program and provided Bank of America with all of the requested documentation. *Id.* at 12. On April 4, 2012, Plaintiffs were advised by Bank of America that they needed to continue sending in documents as and when requested and to "check back" sometime between April 24 and April 26, 2012, for an answer on approval of modification. *Id.* Plaintiffs received notice on or about April 7, 2012, that a foreclosure sale of the property was scheduled to take place on May 1, 2012. *Id.* at 13.

Plaintiffs filed this action on April 23, 2012 against Bank of America, MERS, and MTH, in the 14th-A Judicial District Court of Dallas County, Texas, alleging various causes of action challenging Bank of America's right to foreclose on the Property. Plaintiffs' claims include: (1) breach of contract and breach of the duty of good faith and fair dealing based on Bank of America's predecessor's alleged failure to comply with the HAMP and the Making Home Affordable ("MHA")

---

[1] Although the assignment was not attached to Plaintiffs' Petition or Defendants' Motion to Dismiss, Plaintiffs contend that there was no valid assignment and therefore has in effect brought into question whether an assignment exists. As the validity of an assignment is central to Plaintiffs' claim, the court believes that the assignment attached to Defendant's Notice of Removal can be considered by the court. Likewise, the acceleration notice, although not attached to Plaintiffs' Petition or Defendants' Motion to Dismiss, was referred to in Plaintiffs' Petition and is central to Plaintiffs' Fair Debt Collection Practices Act claim. Thus, the court believes it may be considered by the court. Although the assignment and the acceleration notice should have been attached to the Motion to Dismiss, it would not be in the interest of judicial economy to require Defendants to refile their Motion to Dismiss with the assignment and acceleration notice attached thereto, and requiring such additional procedural steps exalts form over substance. Therefore, the court determines that the assignment and acceleration notice fall within the scope of the pleadings in this case.

initiative; (2) violations of the Fair Debt Collection Practices Act ("FDCPA") based on Bank of America's alleged failure to provide less than 30 days notice for Plaintiffs to cure their default; (3) violations of the Texas Debt Collection Practices Act ("TDCPA"); (4) violations of the National Housing Act ("NHA"); (5) violations of the Real Estate Settlement and Procedures Act ("RESPA"); (6) suit to quiet title; (7) request for declaratory relief that Defendants have no legal or equitable rights in the mortgage based on a "split-the-note" theory; and (8) violation of the consent judgment between Bank of America and the United States of America, et al., dated April 4, 2012.[2] *Id.* at 12-20. Plaintiffs also sought to temporarily and permanently enjoin Defendants from foreclosing on the property. *Id.* at 20-21. The state court granted Plaintiffs' motion for a temporary restraining order enjoining the sale on April 24, 2012. *Id.* at 53. On May 7, 2012, Defendants timely removed the action to this court based on diversity and federal question jurisdiction.[3]

## II.     Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The

---

[2] Plaintiffs also purport to assert defenses to acceleration and foreclosure. Because Defendants have not brought suit against Plaintiffs and have not asserted counterclaims for affirmative relief, the court will not address Plaintiffs' "defenses." Moreover, a discussion of these "defenses" is subsumed within the court's analysis of the issues in this opinion.

[3] Defendants' Notice of Removal argues that Plaintiffs improperly joined MTH Funding, L.P., as a defendant in the state court action. The court declines to address Defendants' improper joinder argument, as the existence of a federal question serves as an independent basis for this court to exercise subject-matter jurisdiction.

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

## III.     Analysis

### A.     Breach of Contract and Breach of the Duty of Good Faith and Fair Dealing Claims

Plaintiffs' Original Petition ("Petition") asserts claims for breach of contract and breach of the duty of good faith and fair dealing. These claims appear to be based on Bank of America's alleged noncompliance with HAMP or MHA regulations. *See* Defs.' Index 15 ("Defendants intentionally failed to act in good faith or to deal fairly with the subject Plaintiffs by failing to follow

the applicable standards of residential single-family mortgage servicing as described herein, thereby denying Plaintiffs access to the residential mortgage servicing protocols applicable to the subject note and mortgage."). Defendants respond that Plaintiffs' breach of contract claims should be dismissed because they rely exclusively on Plaintiffs' ability to enforce HAMP or MHA, neither of which creates a private right of action for borrowers against lenders and servicers. Br. in Support of Mot. to Dismiss 10. The court agrees.

The elements necessary to sustain a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach by the defendant; and, (4) damages sustained by the plaintiff as a result of the breach. *Southwell v. University of Incarnate Word*, 974 S.W.2d 351, 354 55 (Tex. App. San Antonio 1998, pet. denied) (citations omitted). Thus, absent a binding contract, there can be no breach of contract claim. Furthermore, under Texas law, absent a special relationship, there is no duty of good faith or fair dealing unless it is expressly created by contract. *See UMLIC VP LLC v. T & M Sales and Envtl. Sys., Inc.*, 176 S.W.3d 595, 612 (Tex. App. Corpus Christi 2005, pet. denied) ("[A]bsent a 'special relationship,' any duty to act in good faith is contractual in nature and its breach does not amount to an independent tort.") (citations omitted). "Texas courts have found no special relationship between a mortgagor and a mortgagee . . . that would impose an independent common law duty of good faith and fair dealing." *Id.* (citing *Federal Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 709-10 (Tex. 1990)).

As the Fifth Circuit and other courts have held, "HAMP affords no private right of action" for borrowers against lenders and servicers. *Pennington v. HSBC Bank USA, N.A.*, No. 12-50064, 2012 WL 4513333, at *2 (5th Cir. Oct. 3, 2012) (citing *Miller v. Chase Home Fin., LLC*, 677 F.3d 1113, 1116 (11th Cir. 2012)); *see also Geske v. Wells Fargo Bank, Nat'l Ass'n*, No. 3:11-CV-3337-

L, 2012 WL 1231835, at *6 (N.D. Tex. Apr. 12, 2012). Likewise, federal courts in Texas have held that "a borrower has no private right of action under MHA" either. *Dempsey v. U.S. Bank Nat'l*, No. 4:10cv679, 2012 WL 2036434, at *6 (E.D. Tex. June. 6, 2012); *see also Bailey v. BAC Home Loans Servicing, LP*, No. 4:11CV590, 2012 WL 5497632, at *3 (E.D. Tex. Nov. 13, 2012).

Here, Plaintiffs have not alleged the existence of a valid, binding contract. Plaintiffs have neither alleged the existence of a duty of good faith and fair dealing created expressly by contract nor a special relationship between Plaintiffs and Defendants that is otherwise recognized under Texas law that would imply such duties. Moreover, Plaintiffs' breach of contract and breach of the duty of good faith and fair dealing claims are based on alleged violations of HAMP and MHA regulations, which Plaintiffs cannot sue to enforce. As such, Plaintiffs' claims on these grounds necessarily fail as a matter of law. Therefore, the court determines that Plaintiffs' allegations fail to state a claim upon which relief may be granted and will dismiss Plaintiffs' claims on this ground.

### B. FDCPA Claim

Plaintiffs also allege that Bank of America violated 15 U.S.C. § 1692g(5)(b) of the FDCPA because it allowed Plaintiffs less than 30 days to cure the default.[4] Defs.' Index 16. Defendants respond that Plaintiffs' FDCPA claim necessarily fails because Plaintiffs' did not allege, nor do their pleadings support a finding that Bank of America is a "debt collector" within the meaning of the Act. Br. in Support of Mot. to Dismiss 16. Plaintiffs counter in their response to Defendants' Motion to Dismiss that Bank of America identified itself a debt collector in the acceleration notice, and, therefore, Bank of America is a debt collector under the FDCPA. Pls.' Resp. in Opp'n to Defs.'

---

[4] Plaintiffs state in their Petition that Defendants violated 15 U.S.C. § 1692g(5)(b) of the FDCPA; however, no such provision exists under the Act. The court believes that Plaintiffs intended to allege a violation of § 1692g(b), and accordingly, will discuss this provision when addressing Plaintiff's FDCPA claim.

Mot. to Dismiss 20.  Furthermore, Plaintiffs argue, if Bank of America is not a debt collector, it was illegally attempting to pretend that it was.  *Id.*  The court disagrees with Plaintiffs' contentions.

The FDCPA prohibits the use of "unfair or unconscionable means" by a debt collector "to collect or attempt to collect any debt."  15 U.S.C. § 1629f.  Under the FDCPA, a "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  *Id.* § 1692a(6).  "Consumers may sue to enforce the Act's provisions and, if successful, recover actual damages, statutory damages, and attorney's fees and costs."  *McKinney v. Cadleway Props., Inc.*, 548 F.3d 496, 500 (5th Cir.2008) (citing 15 U.S.C. § 1692k).

First, the court addresses Plaintiffs' contention that Bank of America held itself out as a debt collector in the acceleration notice.  The notice, sent on behalf of Bank of America by its foreclosure counsel, Barrett Daffin Frappier Turner & Engel, LLP, states, "THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT." Defs.' Index 58.  As Defendants note, "THIS FIRM" refers to foreclosure counsel, not Bank of America.  Moreover, even if there was an admission on behalf of Bank of America that it was a debt collector, that is quiet beside the point; "[o]nly parties who meet the statutory definition of 'debt collector' are subject to civil liability under the FDCPA." *Bacon v. Southwest Airlines Co.*, No. Civ. A. 3:97 CV 2211 L, 1999 WL 134569, *2 (N.D. Tex. Mar. 5, 1999) (quoting *KPMG Peat Marwick v. Texas Commerce Bank*, 976 F. Supp. 623, 632 (S.D. Tex. 1997)).

Here, Plaintiffs' allegations against Bank of America concern its conduct as a mortgage servicer and mortgagee. "The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (citations omitted); *see also Ogle v. BAC Home Loans Servicing LP*, Nos. 2:11-cv-540, 2:11-cv-745, 2013 WL 97617, at *3 (S.D. Ohio Jan. 8, 2013) ("[T]he Sixth Circuit held that the borrowers had sufficiently pled a FDCPA claim based on the fact that at the time Defendant began servicing their loan, it was in default. In the case at bar, Bank of America began servicing Plaintiffs' loan prior to default, therefore, Bank of America was not found to be a debt collector under the FDCPA."). Here, the Petition does not mention when Plaintiffs stopped making payments or defaulted on the loan; it only states that Plaintiffs reached out to Bank of America on February 15, 2012, to seek consideration of "several default-curing options available to them." Defs.' Index 12. Plaintiffs do not allege enough facts upon which the court can conclusively determine whether the debt was in default when it was assigned. Therefore, the court cannot determine whether Bank of America is a debt collector under the FDCPA. The court notes, however, that Bank of America did not originate the debt. *See Patterson v. Sierra Pac. Mortg. Co.*, No. 3:07 CV 1601 G, 2008 WL 2596904, *5 (N.D. Tex. July 1, 2008) ("[T]he FDCPA does not apply to creditors using their own names to collect debts owed to them."). Furthermore, the assignment is dated February 16, 2012, the day after Plaintiffs allege they contacted Bank of America to explore default-curing options. Because there are not enough facts alleged for the court to decide this issue on a motion to dismiss, the court concludes that this issue is more appropriate for resolution at the summary judgment stage and will deny Defendants' request to dismiss this claim.

## C.    TDCPA Claim

Plaintiffs assert that Defendant Bank of America violated section 392.301(a)(8) of the TDCPA when it threatened to foreclose on the Property without properly considering Plaintiffs under HAMP, the Home Affordable Foreclosure Alternatives ("HAFA"), or other loss mitigation alternatives. Defs.' Index 16. Defendants, in response, contend that Plaintiffs' TDCPA claim should be dismissed because it relies exclusively on Plaintiffs' ability to enforce MHA or HAMP regulations. Br. in Support of Mot. to Dismiss 10-11. The court agrees.

The TDCPA permits a consumer to sue for threats, coercion, harassment, abuse, unconscionable collection methods, or misrepresentations made in connection with the collection of a debt. Tex. Fin. Code Ann. § 392.001, *et seq.* (West 2006). The TDCPA defines "debt collection" as "an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." *Id.* at § 392.001(5). A "debt collector" under the TDCPA "means a person who directly or indirectly engages in debt collection." *Id.* at 392.301(6). Section 392.301(a)(8) relied on by Plaintiffs prohibits a debt collector from "threatening to take an action prohibited by law." This court has previously held that the TDCPA can apply to acts of foreclosure on real property. *Marquez v. Federal Nat'l Mortg. Ass'n*, 3:10-CV-02040-L, 2011 WL 3714623, at *4 (N.D. Tex. Aug. 23, 2011).

Courts considering similar claims have held that the failure of a mortgagee bank to respond to a mortgagor plaintiff's attempts to cure and obtain loan modifications is not a ground for relief under the TDCA. *See Bassie v. Bank of America, N.A.,* 4:12-CV-00891, 2012 WL 6530482, at *4 (S.D. Tex. Dec. 13, 2012) ("As far as the allegation that Bank of America failed to respond to the plaintiffs' attempt to cure and obtain a loan modification, the Court concludes that it is not ground

for relief under the TDCA. . . . [F]ailing to provide information is itself not considered a collection effort.") (citations and internal quotation marks omitted); *Denley v. Vericrest Fin., Inc.*, No. H-12-992, 2012 WL 2368325, at *3 (S.D. Tex. Jun. 21, 2012) ("A claim for harassment under § 392.302 does not include a lender's failure to respond to the borrower's cure attempts or its failure to provide modification alternatives."). Moreover, Plaintiffs' claims under the TDCPA are essentially claims to enforce HAMP or MHA, and, as the court has already held, Plaintiffs cannot sue to enforce compliance with MHA or HAMP regulations. For reasons explained later, Plaintiffs similarly cannot sue to enforce compliance with a consent decree entered into by Defendants and the government without alleging they are parties to the decree or third-party beneficiaries. Therefore, the court holds that Plaintiffs have failed to state a claim upon which relief may be granted on this ground, and Defendants are entitled to dismissal of this claim.

D.     **NHA/HUD Claims**

Plaintiffs' Petition alleges a violation of the requirements set out in 12 U.S.C. § 1701X(c)(5) of the NHA; however, it requests damages for violations of HUD. Defs' Index 17, 21. Defendants contend that Plaintiffs allege only violations of HUD regulations, which standing alone, do not bestow a private cause of action on a mortgagor plaintiff. Br. in Support of Mot. to Dismiss 12. Whether Plaintiffs attempt to assert a cause of action for violations of HUD regulations or under the NHA itself, the court determines that Plaintiffs have failed to state a claim upon which relief may be granted.

No private cause of action can be implied from the NHA. *Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754, 758-59 (5th Cir. 1987). Furthermore, as several courts have held, violations of HUD regulations or the NHA do not provide a mortgagor plaintiff with an implied private cause of action.

*Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 1005 (S.D. Tex. 2011); *Mitchell v. Chase Home Fin. LLC*, No. 3:06-CV-2099-K, 2008 WL 623395, at *3 (N.D. Tex. Mar. 4, 2008); *Wells Fargo Home Mortg., Inc. v. Neal*, 922 A.2d 538, 543-44 (Md. 2007) (collecting cases). Plaintiffs, in their response to Defendants' Motion to Dismiss, cite *Wright v. City of Roanoke Redevelopment and Housing Authority*, 479 U.S. 418, 430-31 (1987), for the proposition that courts have found private enforceable rights arising from violations of HUD rules in other contexts. The court agrees with Defendants that Plaintiffs have misstated, or at least misread, the holding of *Wright*. In *Wright*, the Supreme Court held that a plaintiff may bring a private right of action under § 1983 based on alleged violations of the Brooke Amendment to the Housing Act of 1937 or certain interim HUD regulations. Here, Plaintiffs assert no § 1983 claim; thus, *Wright* is inapplicable. Therefore, Plaintiffs have failed to state a claim on this ground upon which relief can be granted, and Defendants are entitled to a dismissal of this claim.

### E.    RESPA Claim

Plaintiffs' seek damages for Defendants' alleged violation of 12 U.S.C. § 2605(e) under RESPA; however, Defendants' Motion to Dismiss does not address or move for dismissal of this claim. As Defendants do not seek dismissal of the RESPA claim, the court declines to address it.

### F.    Suit to Quiet Title

Defendant contends that Plaintiffs' quiet title claim must also be dismissed because Plaintiff has not pleaded (1) tender or (2) the superiority of their title. Br. in Support of Mot. to Dismiss 14. In response, Plaintiffs ask the court to apply California law, which excuses tender when the borrower attacks the validity of the underlying debt. Pls.' Resp. in Opp'n to Defs.' Mot. to Dismiss 21. The

court declines to apply California law, as Texas law governs this action, and agrees with Defendants that Plaintiffs have not alleged sufficient facts establishing the superiority of their title.

In a suit to quiet title, a plaintiff must allege "a right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove." *Hahn v. Love*, 321 S.W.3d 517, 521 (Tex. App.  Houston [1st Dist.] 2009, pet. denied).   The elements of the cause of action to quiet title are: (1) an interest in a specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable. *Sadler v. Duvall*, 815 S.W.2d 285, 293 n.2 (Tex. App.  Texarkana 1991, writ denied).  The plaintiff has the burden of establishing his "superior equity and right to relief," and like a suit for trespass to try title, the plaintiff must rely on the strength of his or her own title, not the weaknesses of the defendant's title. *See Hahn*, 321 S.W.3d at 532.  In other words, the plaintiff must prove his "right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove." *Id.*

Here, Plaintiffs allege that they are entitled to equitable remedy of quiet title because they have been denied their rights to enjoyment of property as a result of Defendants' improper and illegal foreclosure actions, namely, seeking foreclosure "without full consideration of whether Plaintiffs exhausted all of the available alternative loss mitigation options."  Defs.' Index 19.  Plaintiffs, however, do not allege facts which, if proved, would establish their superior title; nor do they allege that they are current on their mortgage payments.  Instead, Plaintiffs challenge Defendants' title by arguing that Defendants lack authority to enforce the lien and foreclose on property because they failed to exhaust all loss mitigation options.  Because Plaintiffs, in alleging facts to support their

superior claim, solely rely on a weakness in Defendants' title rather than the strength of their own title, this claim fails as a matter of law. Accordingly, Defendants are entitled to dismissal of Plaintiffs' quiet title claim.

### G. Declaratory Judgment Action

Plaintiffs seek a declaratory judgment that Defendants have no legal or equitable rights in the note or mortgage for purposes of foreclosure and that Defendants have no legal standing to institute or maintain foreclosure on the Property. Plaintiffs assert this argument under several theories. First, Plaintiffs contend that MERS lacked a "true ownership interest" in the deed of trust as a nominee, and, therefore, had no interest to which it could assign to Bank of America. Pls.' Resp. in Opp'n to Defs.' Mot. to Dismiss 8-9. Second, Plaintiffs assert that MERS could not have made a valid assignment to Bank of America due to an alleged "severance of the ownership and possession of the original Note and Mortgage." Defs.' Index 12. Finally, Plaintiffs argue that MERS could not have lawfully assigned the deed of trust to Bank of America because the document purporting to assign the deed of trust was improperly notarized. Pls.' Response in Opposition to Defs.' Mot. to Dismiss 7-8. Therefore, Plaintiffs contend, Bank of America lacks standing to foreclose on the Property. In response, Defendants argue that Plaintiffs' arguments are without merit because courts have rejected identical challenges to MERS based on MERS's interest as a nominee and based on the "split-the-note" theory; Plaintiffs lack standing to challenge the assignment from MERS to Bank of America; and, finally, a defective acknowledgment has no effect on the assignment of the note and deed of trust or appointment of substitute trustee. Reply in Resp. to Mot. to Dismiss 2-5. The court agrees.

1.    _MERS's Authority to Foreclose and Assign the Deed of Trust_

Plaintiffs contend that MERS, as nominee of the lender, lacked a "true ownership interest," and, therefore, could not lawfully assign the deed of trust to Bank of America.  Plaintiffs also argue that the deed of trust violates Texas public policy because MERS is not a trust company or bank, and is thus operating unlawfully as a corporate fiduciary by obtaining legal title to real property in the state of Texas.

Here, it is undisputed that the deed of trust named MERS as "beneficiary of this Security Instrument . . . (solely as nominee for Lender and Lender's successors and assigns)."  Defs.' Index 31.  Furthermore, the deed of trust expressly provides that MERS "holds only legal title in the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interest, including but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender."  _Id._  Plaintiffs contend that "simply being a beneficiary or having an assignment of the deed of trust is not enough to the entitlement of being able to foreclose on a deed of trust."  Pls.' Resp. in Opp'n to Defs.' Mot. to Dismiss 8.  Because the plain language of the deed of trust specifically provided that MERS would have the power of foreclosure and sale, MERS had the power of foreclosure and sale, which was passed on to Bank of America upon MERS's assignment. Further, the Texas Property Code permits either a mortgagee or mortgage servicer to administer a deed of trust or contract lien foreclosure without production of the original note.  _Crear v. JP Morgan Chase Bank, N.A._, No. 10 10875, 2011 WL 1129574, at *1 n.1 (5th Cir. Mar. 28, 2011) (per curiam) (citing Tex. Prop. Code Ann. §§ 51.002 & 51.0025).  The Property Code defines "mortgagee" as "the grantee, beneficiary, owner, or holder of a security

instrument," or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." Tex. Prop. Code Ann. § 51.0001(4)(A),(C). Here, MERS, a beneficiary of the deed of trust, is a mortgagee under Texas law. As mortgagee, MERS could foreclose on the property itself or authorize Bank of America to service the loan and foreclose, without production of the original note. *See Barcenas v. Federal Home Loan Mortg. Corp.*, No. H-12-2466, 2013 WL 286250, at *6 n.2 (S.D. Tex. Jan. 24, 2013). Therefore, Plaintiffs have failed to establish that MERS did not have an interest in the deed of trust, could not have foreclosed on the property itself, or could not have lawfully assigned its interest Bank of America. Accordingly, Plaintiffs' claims based on this ground are without merit and fail to state a claim upon which relief can be granted.

### 2. The "Split-the-Note" Theory

Plaintiffs argue that because the deed of trust purports to convey legal title to MERS, as opposed to the lender, there has been a separation of the deed of trust from the promissory note. Further, Plaintiffs argue, MERS is not the payee of the promissory note, never held the note, and the deed of trust does not provide that MERS could transfer the promissory note, its assignment of the deed of trust to Bank of America separate from the note had no force or effect. Therefore, Plaintiffs argue, as a result of the split of the note from the deed of trust, Bank of America lacks standing to foreclose on the Property. This "split-the-note" theory, however, has been rejected by several Texas courts, including this court. *See, e.g.*, *Summers v. PennyMac Corp.*, No. 3:12-CV-01235-L, 2012 WL 5944943, at *4-7 (N.D. Tex. Nov. 28, 2012) (rejecting the "split-the-note" theory as a matter of law on the basis that it has not been embraced by Texas state courts and federal courts that have addressed the theory and interpreted Texas law); *Casterline v. One West Bank, F.S.B.*, No.

CA C-12-150, 2012 WL 5465982, at *7 (S.D. Tex. Oct. 10, 2012) (collecting cases that have rejected the "split-the-note" theory). This is because:

> Under Texas law, a deed of trust is a mortgage with a power to sell on default. A mortgage created by a deed of trust is an interest created by a written instrument providing security for payment. The security is established by a note. Because the deed of trust or mortgage has no legal effect apart from the debt or obligation, any transfer of the deed of trust without the note automatically passes the debt. . . . Further, Texas courts have refused to conflate foreclosure with enforcement of a promissory note.

*DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 622-23 (N.D. Tex. 2011) (citations and internal quotation marks omitted). Thus, it is not necessary to possess the note when foreclosing on the property securing the note. *Casterline*, 2012 WL 5465982, at *6. Accordingly, Plaintiffs' claims on this ground are without merit and fail to state a claim upon which relief can be granted.

3.     *Plaintiffs' Standing to Challenge Assignment*

Defendants argue that Plaintiffs have no standing to challenge the validity of the assignment because the assignment is a contract between the assignor of a right and the assignee, and only the assignee or assignor have standing to challenge the assignment. In response, Plaintiffs counter that they have constitutional and prudential standing to challenge the validity of the assignment. The court disagrees.

An assignment is a transfer of a right or interest. *Pagosa Oil and Gas, L.L.C. v. Marrs and Smith P'ship*, 323 S.W.3d 203, 211 ((Tex. App.   El Paso 2010, pet. denied). Thus, it is "a contract between the assignor of a right and an assignee, who receives the authority to assert that right." *Id.* (citation omitted). "Assignments are governed by contract law and only parties to the assignments have standing to contest them." *Medrano v. BAC Home Loans Servicing, LP*, No. 3:10-CV-02565-M (BF), 2012 WL 4174890, *6 (N.D. Tex. Aug. 10, 2012). In the past two years, several federal

courts in Texas have held that borrowers lack standing to challenge MERS's assignment of a deed of trust lien when they were not parties to the assignment. *See, e.g.*, *Munoz v. HSBC Bank USA, N.A.*, No. H-12-0894, 2013 WL 265982, at *10-11 (S.D. Tex. Jan. 22, 2013); *Marsh v. JPMorgan Chase Bank, N.A.*,     F. Supp. 2d    , 2012 WL 3756276, at *3 (W.D. Tex. Aug. 29, 2012); *McAllister v. BAC Home Loans Servicing, LP*, No. 4:10 CV 504, 2011 WL 2200672, *5 (E.D. Tex. Apr. 28, 2011); *Woods v. Bank of America, N.A.*, No. 3:11-CV-1116-B, at *5 (N.D. Tex. Apr. 17, 2012); *Eskridge v. Fed. Home Loan Mortg. Corp.*, No. 6:10 CV 00285 WSS, 2011 WL 2163989, *5 (W.D. Tex. Feb.24, 2011). Here, Plaintiffs have not alleged that they were parties or third-party beneficiaries to the assignment. The court therefore agrees that Plaintiffs, who are not parties to or beneficiaries of the assignment, lack standing to challenge MERS's assignment of the deed of trust and Bank of America's authority as mortgagee to foreclose on the property. Even if Plaintiffs have standing, their allegations are without merit because, as the court has already determined, MERS had the authority to assign the deed of trust , and lawfully assigned it to Bank of America. Accordingly, Plaintiffs' claims on this ground are without merit and fail to state a claim upon which relief can be granted.

4.     *Defective Acknowledgment*

Plaintiffs, in their response to Defendants' Motion to Dismiss, assert that the assignment from MERS to Bank of America is "in question" because it was improperly notarized, and as such, Bank of America has not been legally assigned the right to seek foreclosure. Specifically, Plaintiffs argue that the notary acknowledgment is defective because it evidences that the document was executed and notarized in California, while the assignor's principal address is in Illinois. Defendant

responds that it knows of no law that requires an assignment to be executed in the same state as the entity's principal address. The court also is unaware of any such law.

Plaintiffs have not alleged facts to support their contention that the document was "improperly notarized," that is, that the execution and the notarization of the document in fact took place in two different locations. Instead, the Plaintiffs state that "[g]iven the recent reported cases wherein it has been noted that there are more than 100,000 instances of fraudulent assignments perpetrated by banks, including BANA, that particularly involved MERS as well, this matter truly needs to be addressed and given great consideration." Pls.' Resp. in Opp'n to Defs.' Mot. to Dismiss 8. Thus, rather than alleging specific facts that the assignment in this case was fraudulent, Plaintiffs would like the court to impute from the fact that it was executed by someone whose principal address is in Illinois, and notarized by someone with authorization in California, that the assignment itself is fraudulent because there have been other reported cases of fraudulent assignments involving Bank of America. The court, however, is not to strain to find inferences favorable to plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. Accordingly, the court concludes that Plaintiffs have not alleged sufficient facts to state a claim upon which relief can be granted.

Therefore, Plaintiffs' request for declaratory judgment, based on an alleged lack of authority on behalf of MERS to foreclose on the Property or assign the deed of trust, the "split-the-note" theory, and an alleged defective acknowledgment in the assignment itself, fails as a matter of law. Accordingly, the court will dismiss Plaintiffs' request for declaratory judgment.

### H.     Violation of the Consent Decree

Plaintiffs additionally allege that Bank of America, by not presenting all loss mitigation options to Plaintiff prior to acceleration of the note and initiating foreclosure proceedings, and by not providing a response to Plaintiffs' application for loan modification under HAMP, violated a consent decree entered on April 4, 2012, between, in relevant part, Bank of America and attorneys general. Defs.' Index 14. Defendants counter that Plaintiffs do not have standing to sue under or enforce the consent decree. Br. in Support of Mot. to Dismiss 11. The court agrees.

Plaintiffs ask the court to imply a private right of action from the consent decree. A consent decree, however, is not a federal statute from which a private right of action may be implied. A consent decree is more akin to a contract or agreement between two parties. Plaintiffs have not alleged that they are parties to, or third-party beneficiaries of, the consent decree. More importantly, Plaintiffs have not provided the court with a copy of the consent decree that it seeks to enforce. Furthermore, courts that have addressed this issue have held that mortgagors like Plaintiffs do not have standing to enforce a consent decree that banks have entered into with the government. *See id.*; *Daniels v. JPMorgan Chase, N.A.*, No. 4:11-CV-616, 2011 WL 7040036, at *3 (E.D. Tex. Dec. 14, 2011). The court therefore determines that Plaintiffs have not alleged sufficient facts that they have standing to enforce the consent decree, and, thus, fail to state a claim upon which relief can be granted.

### I.     Injunctive Relief

In state court, Plaintiffs sought a temporary restraining order and temporary and permanent injunction against Defendants to prevent them from foreclosing on the Property. Defs.' Index 20-23. Defendants contend that Plaintiffs' cannot obtain injunctive relief because their request for injunctive

relief fails as a matter of law. Br. in Support of Mot. to Dismiss 15. As the court will not dismiss all claims asserted by Plaintiffs, any discussion regarding injunctive relief at this juncture is premature. Accordingly, the court declines to address the issue of injunctive relief.

**IV.    Conclusion**

For the reasons herein stated, the court concludes that Plaintiffs have failed to state a claim for (1) breach of contract and breach of the duty of good faith and fair dealing; (2) violations of the TDCPA; (3) violations of the NHA; (4) suit to quiet title; (5) request for declaratory relief; and (6) violation of the consent judgment. The court therefore **grants** Defendant's Motion to Dismiss with regards to these claims, and **dismisses them with prejudice**. The court **denies** Defendants' Motion to Dismiss with respect to Plaintiffs' FDCPA claim. Plaintiffs' RESPA claim was not addressed by Defendants. For these reasons, Plaintiffs' FDCPA and RESPA claims remain for disposition.

**It is so ordered** this 14th day of February, 2013.

Sam A. Lindsay
United States District Judge